# The Epstein Law Firm, P.A.
340 West Passaic Street
Rochelle Park, New Jersey 07662
www.theepsteinlawfirm.com

Tel (201) 845-5962
Fax (201) 845-5973

Barry D. Epstein *

Michael J. Epstein * ∀

April M. Gilmore * ∀

Michael A. Rabasca ∀

Jeffrey B. Richter

*Certified by the Supreme Court of
 New Jersey as a Civil Trial Attorney
∀ Also Admitted in New York

Hon. John E. Selser (Ret.)
Counsel
(1948-2019)

April 19, 2021

**_VIA ECF_**
Hon. Katherine S. Hayden, U.S.D.J.
United States District Court
District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07101

> Re:  **_Griffin, Estate v. The City of Newark, et al._**
>     **_Docket No:  2:20-cv-17290-KSH-CLW_**

Dear Judge Hayden:

This office represents plaintiffs in the above matter.  Currently pending before Your Honor is plaintiffs' Motion to Remand this matter to the Superior Court of New Jersey, Law Division, Essex County.  On April 14, 2021, defendant the City of Newark filed an objection to the Report and Recommendation issued by the Honorable Cathy L. Waldor, U.S.M.J. ("Judge Waldor") on March 31, 2021 in which Judge Waldor recommended that Your Honor (1) grant plaintiff's motion to remand pursuant to 28 U.S.C. 1447(c); (2) remand the matter to the Superior Court of New Jersey, Law Division, Essex County for all further proceedings; and (3) direct the Clerk of the Court to terminate this matter. (Dkt#10-11).  In its objection, the City of Newark advised the Court and counsel for the first time that the Estate of Andrew Dixon filed a complaint that "contains express federal civil rights claims, arising out of the same pursuit" that is the subject of plaintiff's complaint that contains only state law claims, and urges the Court to reject Judge Waldor's Report and Recommendation based, inter alia, the pendency of the Estate of Andrew Dixon's "parallel federal proceeding" and the City of Newark's desire to litigate the cases together. (Dkt#11 at 1,-3, 15-16).  Plaintiffs submit this short letter to address this newly raise issue.

Despite the City of Newark's arguments to the contrary, the Estate of Andrew Dixon's filing of a Complaint in this Court that relies on federal law and asserts federal claims has no bearing on the discrete issue before this Court, namely whether plaintiff's state court complaint that relies exclusively on New Jersey statutory and common law claims contains federal issues that are sufficiently "substantial" to trigger this Court's "embedded" federal question jurisdiction. Although the existence of common questions of law and fact may be relevant to a motion to consolidate two actions properly before the Court under Fed. R. Civ. P. 42, such common questions cannot create federal jurisdiction where is does not otherwise exist. Indeed, neither principles of "judicial economy" nor suggestions of expediency and convenience for the defense can defeat plaintiff's status as "the master of the claim" whose selection of a state court forum is entitled to deference. (Dkt#10 at 7)(internal quotation omitted); Dukes v. U.S. Healthcare, 57 F.3d 350, 353 (3d Cir. 1995) see also Latimer et al. v. William Paterson University et al., PAS-L-1899-18 and Collick et al v. William Paterson University et al., 2:16-cv-00471-KM-JBC (civil cases involving claims arising out of William Paterson University's investigation of false allegations of sexual assault against five male students which are currently pending in State and Federal Court, respectively). Accordingly, it is respectfully submitted that Your Honor reject the City of Newark's arguments in this regard and adopt Judge Waldor's Report and Recommendation for the reasons stated therein.


                              Respectfully submitted,

                              /s/Michael A. Rabasca
                              mrabasca@theepsteinlawfirm.com

MAR/me
CC: all counsel of record via ECF